CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

KELLY I. VOLKAR (CABN 301377)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    Kelly.Volkar@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 4:25-CR-0420-YGR |
| | ) | |
| Plaintiff, | ) | STIPULATION AND PROTECTIVE ORDER |
| | ) | [PROPOSED] |
| v. | ) | |
| | ) | |
| TYLER JAMES TRAVIS, | ) | |
| | ) | |
| Defendant. | ) | |

With the agreement of the parties, the Court enters the following Protective Order:

Defendant is charged with three counts of Transmitting an Interstate Communication with a Threat to Kidnap or Injury, pursuant to 18 U.S.C. § 875(c). The government has received a discovery request and will produce documents and other materials pertaining to the defendant and the charged offense to defense counsel. The discovery to be provided includes documents or other materials falling into one or more of the following categories (collectively, "Protected Information"):

1. Personal Identifying Information of any individual (other than his or her name), including any person's date of birth, social security number, residence address, telephone numbers,

email addresses, driver's license number, names of persons who are minors, or criminal

histories ("Personal Identifying Information");

2. The names and other personal information of Victim 1 labeled in the indictment;

3. Financial Identifying Information of any individual or business, including bank account

numbers, credit or debit card numbers, account passwords, and taxpayer identification

numbers ("Financial Identifying Information"); and

4. Medical records or other patient information of any individual covered by the Health

Insurance Portability and Accountability Act of 1996 (HIPAA) ("Medical Information").

The United States will identify discovery materials as Protected Information by marking such

materials "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" or by providing written notice

identifying discovery materials as Protected Information. The government shall exercise reasonable

care in determining which discovery materials should be designated as Protected Information in order to

avoid the over-designation of discovery materials as Protected Information.

To ensure that Protected Information is not subject to unauthorized disclosure or misuse,

**IT IS HEREBY ORDERED** that defense counsel, their investigators, assistants, employees,

and independent contractors (collectively, "the Defense Team") may review with the defendant all

discovery material produced by the government, but shall not provide a defendant with copies of, or

permit defendant to make copies of, or have unsupervised access to any discovery material produced by

the government that contains Protected Information, unless the Protected Information has first been

**entirely redacted** from the discovery materials. The government and defense counsel are ordered to

work together to ensure that these materials are protected, but that defendant has as much access to the

materials as can be provided consistent with this Court's order. Discovery material that clearly pertains

to a specific defendant and does not contain Protected Information regarding any other person (*e.g.*,

defendant's own bank records, telephone records, and business records) may be provided to that

defendant unredacted.

The Defense Team may show witnesses Protected Information in the course of preparing a

defense for trial or any related proceedings in this case, but only if (i) the witness, by reason of their

participation in the underlying events or conduct, would have seen or had reason to know such

information, or (ii) it is otherwise relevant to the defense of the case that the Defense Team discuss with or show the witness Protected Information. Witnesses may only view Protected Information in the presence of the Defense Team. No witness or potential witness may retain copies of discovery material that contains Protected Information after his or her review of those materials with the Defense Team is complete.

Defense counsel may also provide unredacted copies of Protected Information to any experts retained to assist with the preparation of the defense in the captioned case. The defendant, all members of the Defense Team, and any experts who receive Protected Information under this Order shall be provided a copy of this Order along with those materials and shall sign and date the order reflecting their agreement to be bound by it.

The Defense Team shall maintain Protected Information safely and securely, and shall exercise reasonable care in ensuring the confidentiality of those materials by not divulging the contents or permitting anyone to see Protected Information except as set forth in this Protective Order.

The Defense Team shall not disclose the substance of any Protected Information received from the government in the above-captioned matter to any third party without the express written permission of the government or the approval of this Court.

The Defense Team shall refer to any identified Victim only by his or her self-identified pseudonym in all pleadings and at any court hearings.

The materials provided pursuant to this protective order may only be used for the specific purpose of preparing or presenting a defense in this matter unless specifically authorized by the Court.

This Order shall also apply to any copies made of any materials covered by this Order.

**IT IS FURTHER ORDERED** that if a party files a pleading that contains or attaches Protected Information subject to this Order, the Protected Information must be filed under seal (accompanied by a request to file under seal) and redacted from the public filing, unless otherwise ordered by the Court.

**IT IS FURTHER ORDERED** that after any judgment or disposition has become final and there are no pending proceedings, challenges, appeals, or habeas motions in the case, counsel for defendant shall either destroy discovery materials containing Protected Information (including any copies) within 30 days if the defendant consents to such destruction, or retain the Protected Information and ensure that

the Protected Information will continue being kept under the conditions specified in this Order.  After the statutory period for filing a motion under 28 U.S.C. § 2255 has expired, the United States is free to destroy documents and materials subject to this Order.  If defendant is represented by counsel and files a motion pursuant to 28 U.S.C. § 2255, the United States will provide counsel with the documents and materials subject to this Protective Order under the terms of this Order.

This stipulation is without prejudice to either party applying to the Court to modify the terms of any protective order.  This Court shall retain jurisdiction to modify this Order upon motion of either party even after the conclusion of district court proceedings in this case.

**IT IS SO STIPULATED.**

CRAIG H. MISSAKIAN
United States Attorney

Dated: December 17, 2025

___/s/_____
KELLY I. VOLKAR
Assistant United States Attorney

___/s/ (with permission)_____
JOHN PAUL REICHMUTH
Counsel for Defendant TYLER JAMES
TRAVIS

**IT IS SO ORDERED.**

Dated:    December 18, 2025

_____
HON. YVONNE GONZALEZ ROGERS
United States District Judge

1      **By signing below, I acknowledge that I have been provided and have reviewed a copy of**

2  **this Order and hereby agree to be bound by its terms:**

| SIGNATURE | DATE |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |